IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL SEGOVIA, | § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 3:21-cv-02478-L |
| ADMIRAL REALTY, INC. | § § § | |
| Defendants | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

Admiral Realty, Inc. files this brief in support of its Motion to Dismiss as follows:

**INTRODUCTION**

Rafael Segovia ("Segovia") claims to be a disabled ADA "tester" who wants to "utilize ADA litigation to make his home community more accessible for Plaintiff and others."[1] It is clear since the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269 (5th Cir. 2021) that testers like Mr. Segovia do not have standing to sue because their interest in enforcing the ADA for the public good is not the kind of personal interest that can give rise to a concrete injury sufficient to satisfy Article III of the Constitution. Mr. Segovia has not plausibly alleged any other injury and his Complaint therefore fails to allege either subject matter jurisdiction or a cause of action under the ADA.

**ARGUMENT**

**I.     Standard for determining a Motion to Dismiss**

The Court has described the standard for determining a Motion to Dismiss under Rules 12(b)(6) and 12(b)(1) in *Miller v. CitiMortgage, Inc.* In the interest of brevity the general standard

---

[1] Complaint at ¶7.

is not repeated here. When the issue is subject matter jurisdiction, as it is in this case, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, her 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021).[2] Because standing is fundamental to subject matter jurisdiction under Article III of the Constitution this plausible set of facts must include an allegation the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" *Laufer,* 996 F.3d at 272.[3] The Fifth Circuit has repeatedly held that this requires that ADA plaintiffs allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc).

For claims brought under the ADA, proving a past injury is not enough. In addition the plaintiff must plead a plausible intent to return to the defendant property because Title III of the ADA provides only for injunctive relief. *Deutsch,* supra 882 F.3d at 173. Without the imminent danger of future injury the plaintiff does not have standing to seek injunctive relief and the claim

---

[2] Quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012), respectively.
[3] Quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement [of Article III] only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).[4] The threatened injury must also be an injury in fact and there must be a "substantial risk" the injury will occur. *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). An allegation of a past wrong is not sufficient to allege an imminent future wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).[5] Because an injury in fact must be "concrete" this requires a substantial risk that the plaintiff will in the future suffer the same kind of harm that satisfies the Article III injury requirement for past injury.

## II. Plaintiff does not have Article III standing as a "tester."

With the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021) standing based on a tester's interest in enforcing the ADA for the public good is a thing of the past. In *Laufer* the plaintiff was, like Mr. Segovia, an ADA tester. Ms. Laufer claimed she was a tester who visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." 996 F.3d at 272 (5th Cir. 2021). Mr. Segovia alleges the same kind of interest in visiting convenience stores like the Shop and Save Mart that is the subject of this lawsuit[6]:

> Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.[7]

---

[4] And see, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018).
[5] Quoted in *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021)
[6] Complaint at ¶9.
[7] Complaint at ¶7.

In her work as a "tester" Laufer visited hotel websites to find out whether they included information about accessibility required by ADA regulations. 996 F.3d at 271. She did not, however, make any reservations at the hotel or have any clear intent to do so in the future. *Id.* The Fifth Circuit found that because she was looking for information that she did not need or intend to use, she had not suffered the kind of concrete injury required by Article III.

> Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still "would need to allege at least that the information had 'some relevance' to her.". . . Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so.

996 F.3d at 273 (internal citations omitted). Calling herself a tester could not make up for the lack of a personal interest: "Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes." 996 F.3d at 273.

As a "tester" Mr. Segovia, like Ms. Laufer, lacks the kind of personal interest in the accessibility of Admiral's property that would make the existence of barriers to access cause him the kind of concrete, personal injury required by Article III. Just as Ms. Laufer visited a hotel website with no intent to use the information available, so Mr. Segovia visited the Shop and Save with no plausible intent to use its goods and services. Just as Ms. Laufer found that accessibility information was missing so Mr. Segovia saw conditions that either made it difficult for him to park or enter the store.[8] However, just like Ms. Laufer, Mr. Segovia had no personal interest in either parking or going into the store. He was there, as he admits, to look for ADA violations so he could file a lawsuit[9] just as he has a half dozen times in the last few months.[10] His interest was in the abstract enforcement of the ADA, not in buying goods or services from the Shop and Save, so his injury, if any, was not concrete and personal and does not satisfy the requirements of Article III.

---

[8] See, Complaint at ¶25.
[9] Complaint at ¶7
[10] See, Exhibit 1, list of Segovia ADA lawsuits.

It is true that Mr. Segovia alleges several times that he visited "as a patron"[11] but this conclusory allegation fails to meet the requirement that an allegation be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and have sufficient specificity "to raise a right to relief above the speculative level," *id.* at 555, 127 S.Ct. 1955. Segovia alleges that he lives "within 30 miles" of the Property[12] and is near the Property "numerous times every month."[13] The plausibility of those allegations must be discounted in light of Mr. Segovia's admission that he is a "tester" who drives the streets looking for ADA violations and has filed numerous other lawsuits making identical claims.[14] In addition, his claim to be "a patron" lacks the specificity necessary for plausibility. After all, it is scarcely plausible that he would drive 30 miles to visit an ordinary convenience store without some explanation of why. What did he intend to purchase? Cigarettes? Diet Coke? A Snickers bar? All Mr. Segovia does is quote the language of the statute, saying he wants to us the "goods, services, facilities, privileges, advantages and/or accommodations" of the store.[15] Allegations of this kind that merely quote the statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."" Mr. Segovia has not provided any facts that would make his claim to be "a patron" of the Shop and Save plausible and has therefore failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury.

---

[11] Complaint at ¶¶9, 13, 14, 15, 21 and 22.
[12] Complaint at ¶11.
[13] Id.
[14] The Court can take judicial notice of nearly identical and equally vague allegations in Segovia's other lawsuits, the complaints for which are attached as Exhibits to this Brief.
[15] See, Complaint at ¶¶12, 21, 22, 23, 25, 27 and 35.

### III. Mr. Segovia has not alleged an imminent future injury that would support injunctive relief.

As noted above, for cases brought under Title III of the ADA a plaintiff must show an imminent future injury that will be avoided if injunctive relief is granted because injunctive relief is the only relief available to a Title III plaintiff. This requires both that the anticipated injury be an injury in fact and that it be imminent:

> That threatened future injury "must be an injury in fact." . . . That means, as relevant here, that the injury must be " 'imminent' ... 'to ensure that the alleged injury is not too speculative for Article III purposes.'". . . "For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur."

*Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). In an ADA case this requires a plausible intention or desire to return:

> Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims only if they show a plausible intention or desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721 F.App'x 336, 339-40 (5th Cir. 2018); see also *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). A vague allegation of an intent to return to the place of injury "some day" is insufficient.[16]

*Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019).[17] Segovia has not alleged any plausible reason (other than his search for lawsuits) to visit the Property in the first place, so it is not surprising he also fails to plausibly plead an intent to return that would give rise to an imminent threat of future harm. He claims he intends to revisit the Property "within six months of the filing of this Complaint or sooner"[18] or "again in the very near future,"[19] but does

---

[16] Quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ["Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require"]
[17] Report and recommendation adopted sub nom. *Strojnik v. Landry's*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020)
[18] Complaint at ¶13.
[19] Complaint at ¶22.

not allege why he expects to return except "as a patron" or as a tester looking for lawsuits. These "someday intentions" are not sufficient to plead an imminent future injury. See, *Strojnik v. Teof Hotel GP*, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020). Equally important, Mr. Segovia has not plausibly alleged that he will suffer a concrete harm if he does return, for his claim he will return as "a patron" is just as conclusory as his allegation that his first visit was as "a patron." Without a plausible allegation of intent to return to actually buy some good or service Mr. Segovia has failed to allege an imminent future injury sufficient to plead a claim under the ADA.

## CONCLUSION AND PRAYER

*Laufer's* holding that "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation'"[20] anticipated by a few months the Supreme Court's confirmation of that rule in *Transunion LLC v. Ramirez,* 141 S.Ct. 2190 (2021). *Ramirez* was a class action on behalf of victims of violations of the Fair Credit Reporting Act. The victims fell into two categories; those who had incorrect information stored in the defendant's computers and those whose incorrect information was not only stored, but also disseminated to third parties. 141 S.Ct. at 2202. The Court found that only the latter group had suffered the kind of concrete injury required for Article III standing. 141 S.Ct. at 2208. The former group had not suffered any Article III injury despite the fact the statute had been violated. Even though Congress granted a cause of action, Article III was not satisfied because "the public interest that private entities comply with the law cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." 141 S.Ct. at 2206.

---

[20] *Laufer* 996 F.3d at 272, quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

Mr. Segovia has not plausibly alleged that he has suffered the "distinctive concrete harm" required by *Transunion* and *Laufer.* Like Laufer, he searches for ADA violations so he can "utilize ADA litigation to make his home community more accessible for Plaintiff and others."[21] As with Laufer, that desire to enforce the public interest in accessibility is not enough. He must allege a personal interest and harm, but his claim to have personal interest in the accessibility of the Shop and Save is not plausible. He has also failed to allege an imminent future injury that would give him standing to seek injunctive relief, a necessity in a Title III ADA lawsuit. Thus, he has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

Signed on December 7, 2021.

/s/ Richard M. Hunt

Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

HUNT HUEY PLLC
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 641-9182
Facsimile: (214) 279-6124

ATTORNEYS FOR DEFENDANTS

---

[21] Complaint at ¶7

## CERTIFICATE OF SERVICE

  I certify that the foregoing document was served on all counsel of record through the Court's ECF system as required by Rule 5 of the Federal Rules of Civil Procedure on December 7, 2021.

                     _____
                      Richard M. Hunt